## SMITH v. McBROOM. (No. 7959.)

(Court of Civil Appeals of Texas. Dallas. May 18, 1918. Rehearing Denied June 15, 1918.)

1. EVIDENCE ☞317(6)—HEARSAY.

In an action for a balance on the purchase price of cotton, sold under a contract to pay such price if cotton advanced to that point, evidence that plaintiff had been offered, on the day he sold the cotton to defendant, more than defendant offered him, was not hearsay.

2. SALES ☞358(4)—REMEDIES OF SELLER—EVIDENCE—MATERIALITY.

In an action to recover a balance on the purchase price of cotton sold, evidence that witness, who graded the cotton, had graded it three points above middling, was material; middling cotton being the basis upon which cotton is bought and sold.

3. SALES ☞358(4) — REMEDIES OF SELLER — EVIDENCE—MATERIALITY.

In an action for the balance of the purchase price of cotton, sold under a contract whereby the buyer was to pay the price sued for if the market advanced to that point, evidence that the cotton graded three points above middling was admissible to support plaintiff's allegation that such cotton as his had sold at the market at the price contemplated by the contract.

4. SALES ☞358(4)—REMEDIES OF SELLER—EVIDENCE—MATERIALITY.

In an action for the balance of the purchase price of cotton sold at 11½ cents, to be increased to 12 cents if the market advanced to that point within a certain time, evidence that plaintiff's cotton was better than the cotton of the witness who had sold his cotton for 12.65 cents was material, as tending to show that cotton of the grade and character of plaintiff's cotton had sold on the market at an advanced price.

5. TRIAL ☞145 — JURY QUESTIONS — WITHDRAWAL OF ISSUES.

In an action for the balance of the purchase price of cotton, sold at 11½ cents under agreement to pay 12 cents if the market price advanced to that point within a certain time, it was not error to submit the case on the issue as to whether the contract was to be governed by the Hillsboro or New York market, where that was the only material issue in dispute.

6. TRIAL ☞141—QUESTION OF FACT—ESTABLISHED ISSUES.

Issues of fact disclosed by the pleadings should not be submitted to the jury for decision, when such issues are established by the evidence beyond controversy.

Appeal from Hill County Court; R. T. Burns, Judge.

Action by Isaac McBroom against A. L. Smith, commenced before a justice of the peace. From a judgment for plaintiff, on appeal to the county court, defendant appeals. Affirmed.

J. J. Averitte and Wear & Frazier, all of Hillsboro, for appellant. Clarke & Clarke, of Hillsboro, for appellee.

TALBOT, J. Appellee sued appellant in the justice court to recover the sum of $115.66. He recovered judgment for that amount and appellant appealed to the county court. In the county court judgment was again rendered in favor of the appellee for the amount sued for, and appellant perfected an appeal to this court.

The citation issued in the justice court shows the cause of action upon which the appellee sought to recover, and upon which he did recover, to be in substance as follows: On or about the 11th day of March, 1916, appellee sold and delivered to appellant 40 bales of cotton, weighing 23,130 pounds. In making the sale, appellee demanded 12 cents per pound for his cotton, and refused to sell for less. In order to buy the cotton, appellant agreed that, if appellee would sell it to him on said day, he (appellant) would pay appellee cash on delivery of the cotton 11½ cents per pound therefor, and would pay appellee in addition one-half cent per pound if cotton of the grade of appellee's cotton should bring 12 cents per pound in the cotton market at Hillsboro, Hill county, Tex., by the 1st day of May, 1916. Upon said condition and agreement appellee sold and delivered to appellant, on the 11th day of March, 1916, the cotton, and received 11½ cents per pound for the same. Between said date, and before May 1, 1916, or April 25, 1916, cotton of the character and grade of the cotton bought by appellant from appellee sold for and brought on the market in said Hillsboro 12 cents per pound or more, and thereupon appellee demanded of appellant the additional one-half cent per pound for his cotton, which amounted to $115.66, the amount sued for and recovered in this action, but appellant refused to pay the same.

The appellant pleaded, in substance, among other things not necessary to state, a general denial, and that the contract entered into between him and appellee was that appellant would pay to appellee one-half cent per pound for the cotton, in addition to the cash payment, if the price of cotton advanced that much between the date of sale and the 25th day of April, 1916, or if it did not advance that much he would pay him "the difference to the advance," and that the contract was to be governed, not by the Hillsboro market, but by the New York market; that, according to and governed by the New York market, cotton of the grade of appellee's cotton did not advance in price, between the dates agreed on, as much as one-half cent per pound, but only advanced about "30 points," which left appellant due appellee $30.07. This amount appellant tendered, and asked for judgment.

The case was submitted to a jury upon one special issue, namely: "Was the contract entered into by and between plaintiff and defendant to be governed by the Hillsboro or New York market?" The jury answered that the contract was to be governed by the Hillsboro market, and thereupon the court rendered judgment in favor of the appellee as hereinbefore stated. There are a number of assignments of error, but they

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

need not be stated and discussed in detail. The questions raised, and which are discussed, will sufficiently appear from what we shall say in disposing of them.

[1] The testimony of the appellee, to the effect that he had been offered for his cotton, on the day he sold it to the appellant, more than appellant offered him for it, was not hearsay, and, if immaterial, it is not probable that any injury resulted to appellant from it. The statement, however, was probably pertinent and admissible as a part of the conversation and negotiations leading up to the sale of the cotton, and as showing a reason why appellee declined selling at the price of 11½ cents offered by appellant. Appellee was asking 12 cents per pound for his cotton, and appellant offered him 11½ cents per pound. When this offer was made, appellee said to appellant that he could not take it, for he had been offered 11.65 cents per pound.

[2, 3] Nor was the testimony of the witness W. H. Wood, to the effect that he graded appellee's cotton, and that it graded about three points above middling, immaterial. The testimony of appellant was that middling cotton is the basis upon which cotton is bought and sold; and that he bought appellee's cotton as middling cotton; that he knew about what the grade was, and bought it without grading it himself. The record does not sustain the contention "that the agreement was that Mr. Smith [appellant] was to take Mr. White's grade." The testimony of appellee in this connection was, in substance, simply that he told appellant, when appellant wanted to know if the cotton had been graded, that Mr. Jim White had graded the cotton, and that appellant replied, "All right; I will buy it on Jim White's grade." Appellant testified that he did not agree to take the cotton upon the grade fixed by Mr. White; that he did not always grade cotton when he bought it, and did not grade appellee's cotton, but that he had an idea that it was about middling cotton. Again, the testimony objected to was admissible in support of appellee's allegation "that such cotton as his was had sold in the Hillsboro market for 12 cents per pound between March 11, 1916, and May 1, 1916."

[4] There was no error in permitting the witness Hawkins to testify to the effect that from his observation and knowledge of appellee's cotton he would say appellee's cotton was better than his. The witness testified that he sold his cotton to appellant on April 12, 1916, for 12.65 cents, and sufficiently qualified as an expert in the grading of cotton to render his testimony upon the subject admissible. The testimony was not immaterial, as it was essential to appellee's right of recovery that he show that cotton of the grade and character of his cotton had sold on the market of Hillsboro, between March 11, 1916, and May 1, 1916, or April 25, 1916, the latter being the limit of time for the advance in the price of cotton according to the contention of appellant, for as much as 12 cents per pound.

For practically the same reasons, the fifth, sixth, seventh, and eighth assignments of error are overruled.

[5, 6] The contention that the court erred in submitting "the case to the jury simply on the issue as to whether the contract was to be governed by the Hillsboro or New York market" will also be overruled. This issue was practically the only material issue about which there was any dispute in the evidence. The other alleged facts upon which appellee's right to recover depended were very clearly and conclusively established, and the submission of the single issue named was correct. Issues of fact disclosed by the pleadings should not be submitted to the jury for decision, when such issues are established by the evidence beyond controversy.

The verdict and judgment rendered are clearly supported by the evidence, and the special charge requested by appellant, directing the jury to return a verdict in his favor, was correctly refused.

There is no reversible error pointed out by any assignment of error, and the judgment of the county court is affirmed.